IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE FLOYD FULLER, SR.,

                **Petitioner,**

    v.                                      CASE NO. 08-3109-SAC

PAUL MORRISON, et al.,

                **Respondents.**

**O R D E R**

This matter is before the court on a "Fast Track" petition for writ of habeas corpus, filed pro se by a pretrial detainee in the Johnson County Jail in Olathe, Kansas. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this habeas action. *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(filing fee provisions in Prison Litigation Reform Act do not encompass habeas actions or appeals therefrom).

Petitioner seeks federal habeas corpus relief on allegations that his extended confinement on pending criminal charges without a preliminary hearing is unconstitutional. Petitioner asks for the pending criminal charges to be discharged, and further contends this court is the only court with jurisdiction to consider the alleged violations of his rights under the United States and Kansas constitutions.

The United States district courts are authorized to grant a

writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 establishes jurisdiction in the federal court to consider habeas corpus petitions filed by pretrial detainees. *See* Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007)(§ 2241 is proper avenue for challenging pretrial detention). Nonetheless, it is well recognized that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993). *See also* Braden, 410 U.S. at 489 (exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition). "An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus." Id.(internal quotations omitted). *See also* Younger v. Harris, 401 U.S. 37, 43 (1971)(federal courts should not intervene in pending state criminal prosecutions when those proceedings offer an adequate forum for plaintiff's federal claims and implicate important state interests).

Because it is apparent on the face of the application that petitioner has not yet exhausted available state court remedies on his claims, and because there is nothing to suggest that circumstances render the state courts unavailable or ineffective to first address petitioner's claims, the court finds petitioner's pursuit of federal habeas relief is premature and concludes the

petition should be dismissed without prejudice.[1]

Petitioner's motion for declaratory judgment and a temporary restraining order is denied as moot.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) in this habeas action is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion for declaratory judgment and a temporary restraining order (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 6th day of June 2008 at Topeka, Kansas.


s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1]The court dismissed a federal habeas petition previously filed by petitioner in which petitioner alleged the same criminal charges were false and insufficient, and claimed criminal prosecution on these charges violated his rights under the First Amendment. *See* Fuller v. Baird, Case No. 08-3059-SAC, (dismissed without prejudice April 11, 2008), Appeal No. 08-3077 pending.

3